# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Justin Swinea **Plaintiff(s)** vs. Adiva Swinea/Peters Doug J. Broda Elizabeth Walsh **Defendant(s)** | **Civil Case No.:** 1:24-cv-1517 MAD/CFH **CIVIL RIGHTS COMPLAINT PURSUANT TO 42 U.S.C. § 1983** |

Plaintiff(s) demand(s) a trial by: ☑ JURY  ◯ COURT  (Select **only** one).

Plaintiff(s) in the above-captioned action, allege(s) as follows:

## JURISDICTION

1. This is a civil action seeking relief and/or damages to defend and protect the rights guaranteed by the Constitution of the United States. This action is brought pursuant to 42 U.S.C. § 1983. The Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343(3) and (4) and 2201.

## PARTIES

2. Plaintiff: Justin Swinea
   Address: 3401 8th St. NE Apt. J
   Minot ND, 58703

Additional Plaintiffs may be added on a separate sheet of paper.

3. a. Defendant: Adiva Peters
   Official Position: Ex-Wife/Kidnapper
   Address: ■■■■■■■■
   ■■■■■■■ Oak Grove KY
   42262

b. Defendant: **Hon. Elizabeth Walsh**

   Official Position: **Judge**

   Address: **1504 Fifth Ave. Troy, N.Y. 12180**

c. Defendant: **Joseph Martin**

   Official Position: **Police Officer**

   Address: **152 State Line Rd, Oak Grove, KY 42262**

Additional Defendants may be added on a separate sheet of paper.

4. **FACTS**

Set forth the facts of your case which substantiate your claim of violation of your civil and/or Constitutional rights. List the events in the order they happened, naming defendants involved, dates and places.

**Note: You must include allegations of wrongful conduct as to EACH and EVERY defendant in your complaint.** (You may use additional sheets as necessary).

_____
_____
_____
_____
_____
_____
_____

5.                               CAUSES OF ACTION

Note: You must clearly state each cause of action you assert in this lawsuit.

### FIRST CAUSE OF ACTION

_____

_____

_____

_____

_____

### SECOND CAUSE OF ACTION

_____

_____

_____

_____

### THIRD CAUSE OF ACTION

_____

_____

_____

_____

_____

6.  **PRAYER FOR RELIEF**

   **WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief:

   _____

   _____

   _____

   _____

   I declare under penalty of perjury that the foregoing is true and correct.

   DATED: 12/11/23

   _____
   Signature of Plaintiff(s)
   (all Plaintiffs must sign)

02/2010

# Defendants List Continued

3.
- D.
  - Defendant: Katherine Hicks Demps
  - Official Position: Circuit Court Judge Family
  - Address: 3rd Judicial Circuit, 100 Justice Way Hopkinsville, Kentucky 42240
- E.
  - Defendant: Robert FitzPatrick
  - Official Position: Police Officer
  - Address: 152 State Line rd, Oak Grove, KY 42262
- F.
  - Defendant: Douglas J. Broda
  - Official Position: Attorney at Law
  - Address: 1504 Fifth AVe. Troy, N.Y 12180
- G.
  - Defendant: CPS Worker (Will be provided later)
  - Official Position: CPS
  - Address: 110 Riverfront Drive, PO Box 3, Hopkinsville, KY 42241

# Complaint for Violations of Civil Rights (42 U.S.C. § 1983)

**Introduction:** This complaint outlines how Defendants, acting under color of state law, violated Plaintiff's constitutional rights, including but not limited to:

1. 1. Violations of Due Process.
2. 2. Denial of Equal Protection.
3. 3. Interference With Parental Rights.
4. 4. Bias and Misconduct by CPS, Family Courts, and Law Enforcement.
5. 5. Violation of First Amendment Rights.
6. 6. Unlawful Seizure of Plaintiff's Children.
7. 7. Denial of Access to Justice.
8. 8. Conspiracy to Deprive Civil Rights.

---

# Facts Supporting Claims

### 1. Violations of Due Process

**A. Denial of Opportunity to Present Evidence**

- Plaintiff submitted motions, including:
    - Temporary Order of Protection and Sole Legal and Physical Custody [September 18, 2023].
    - Writ of Habeas Corpus [January 4, 2024].
    - Contempt motions on [10/18/2023, 10/25/2023, 11/02/2023, 11/13/2023, 12/21/2023, 01/24/2024, and 03/04/2024].
    - Emergency motions for custody and visitation enforcement.
- These motions were ignored or dismissed without hearings or proper consideration, depriving Plaintiff of procedural fairness and the ability to present evidence, such as:
    - Evidence of Adiva Peters's mental health issues (Exhibit A).

- - Documentation of non-compliance with visitation and custody orders (Exhibit B).
  - Photographs and medical records of children's injuries during her custody (Exhibit C).

### B. Amendment of Emergency Custody Order Without Notice

- Emergency custody granted to Plaintiff was amended without notice or participation, returning custody to Adiva Peters despite no legal justification (Exhibit D).

### C. Law Enforcement Retaliation and Misconduct

- Law enforcement retaliated against Plaintiff for seeking welfare checks by threatening charges and filing false reports (Exhibit E).

### D. Bias and Failure to Act by CPS

- CPS failed to investigate Plaintiff's abuse and neglect reports despite evidence (Exhibit G).

### E. Judicial Bias and Denial of Self-Representation

- Plaintiff was denied the right to self-represent after filing a complaint against court-appointed counsel (Exhibit H).

---

## 2. Denial of Equal Protection

- Plaintiff was treated differently compared to others in similar situations. For example:

- - Courts dismissed Plaintiff's concerns about the children's welfare but acted promptly on minor complaints by Adiva Peters.
    - CPS and law enforcement displayed gender bias by favoring the mother despite her documented mental health issues and evidence of neglect.
- Case law, including *In the Matter of Zariyasta S.* and *In the Matter of Susanne Nehra v. Rudolf Uhlar,* supports Plaintiff's position that decisions should prioritize children's welfare without bias.

### 3. Interference With Parental Rights

- Defendants unlawfully interfered with Plaintiff's fundamental right to parent by:
    - Ignoring custody violations.
    - Returning custody to an unfit parent without due process.
    - Failing to enforce protective orders.

### 4. Bias and Misconduct by CPS, Family Courts, and Law Enforcement

- CPS ignored evidence of abuse and neglect while taking no action against Adiva Peters.
- Judges demonstrated bias by engaging in ex parte communications that adversely affected Plaintiff.
- Law enforcement fabricated reports and dismissed valid welfare concerns, demonstrating systemic misconduct.

### 5. Violation of First Amendment Rights

- Defendants retaliated against Plaintiff for filing complaints and seeking redress, suppressing his freedom of speech and advocacy for his children.

### 6. Unlawful Seizure of Plaintiff's Children

- The amendment of custody orders without notice or Plaintiff's participation constitutes an unlawful seizure of Plaintiff's children in violation of the Fourth and Fourteenth Amendments.

### 7. Denial of Access to Justice

- By ignoring motions, denying hearings, and failing to address legitimate concerns, Defendants obstructed Plaintiff's access to justice.

### 8. Conspiracy to Deprive Civil Rights

- Defendants engaged in coordinated actions, including:
    - Ex parte communications between Kentucky and New York judges.
    - CPS and law enforcement's failure to act on Plaintiff's reports while retaliating against him.
    - Judicial amendments to custody orders based on fabricated or incomplete information.

# Relief Requested

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Declare that Defendants' actions violated Plaintiff's rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment, as well as other constitutional protections.
2. Order an investigation into the handling of Plaintiff's family court case and law enforcement interactions.
3. Grant compensatory damages for emotional distress and harm caused by Defendants' actions.
4. Grant punitive damages to deter future violations.
5. Grant emergency temporary custody of Plaintiff's children to Plaintiff during the pendency of this case to prevent further harm to the children and ensure their safety.
6. Grant a Temporary Restraining Order prohibiting Defendants from interfering with Plaintiff's custodial rights or taking actions that may jeopardize the well-being of the children.
7. Evidence Preservation and Discovery Notice:
   a. The plaintiff is currently pursuing additional evidence critical to this case, including but not limited to body camera footage, video recordings, and related documentation from the defendants. This evidence is material to the claims presented and will be provided to the court as it becomes available. The plaintiff respectfully requests that the court ensure the preservation of all relevant evidence, including video footage, to avoid spoliation during the legal proceedings.

---

# Supporting Exhibits

- Exhibit A: Evidence of Adiva Peters's Mental Health Issues.
- Exhibit B: Communications Regarding Custody and Visitation Violations.
- Exhibit C: Physical Injuries Sustained by Children.
- Exhibit D: Emergency Custody Order Amendment.

- Exhibit E: Recorded Statements from Officers.
- Exhibit F: Witness Statements Regarding Law Enforcement Encounter.
- Exhibit G: CPS Reports and Evidence of Inaction.
- Exhibit H: Complaint Against Court-Appointed Attorney.
- Exhibit I: Evidence of Children's Physical Injuries During Video Calls.
- Exhibit J: Recorded Abuse by Ex-Wife's Brother.

## Legal Articles and Precedents

- Article 1: *In the Matter of Tammie Z. and Others* – Supports evidentiary standards in neglect proceedings.
- Article 2: *In the Matter of Zariyasta S.* – Addresses mental health in custody determinations.
- Article 3: *In the Matter of Susanne Nehra v. Rudolf Uhlar* – Highlights children's welfare in custody disputes.
- Article 4: *In the Matter of Robert C. Edwards v. Felicia N. Ferris* – Demonstrates prioritizing child safety in custody decisions.
- Article 5: *Termination of Parental Rights Due to Mental Illness* – Supports modifying or terminating custody based on mental health concerns.

## Plaintiff's Motion for Emergency Temporary Custody

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the plaintiff respectfully requests Emergency Temporary Custody of Plaintiff's children during the pendency of this case. This request is based on the following:

1. **Immediate Risk of Harm:** Evidence demonstrates that the children have suffered neglect and abuse while in the custody of Adiva Peters, as documented in Exhibits A, C, and J.

2. **Failure of State Actors to Protect:** Despite Plaintiff's repeated reports to CPS and law enforcement, no adequate steps have been taken to ensure the children's safety (Exhibit G).
3. **Best Interests of the Children:** Granting temporary custody to Plaintiff will protect the children from further harm and ensure their safety while this case proceeds.
4. **Constitutional Violations:** The actions of Defendants, including the unjustified amendment of custody orders, have deprived Plaintiff of due process and interfered with parental rights, further endangering the children.

WHEREFORE, Plaintiff respectfully requests that this Court grant emergency temporary custody of the children to Plaintiff to prevent further harm and ensure their well-being during the pendency of this case.

/s/ Justin Swinea

Justin Swinea

3401 8th St. NE Apt. J

Minot, North Dakota, 58703

(518) 530-2168

jswinea11@gmail.com