**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JUSTIN SWINEA,

                                 Plaintiff,

           v.                                          1:24-CV-01517 (MAD/PJE)

ADIVA PETERS, et al.,

                                 Defendants.
_____

**APPEARANCES:**

Justin Swinea
3401 8th St. NE
Apt. J
Minot, North Dakota 58704
Plaintiff pro se

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION & ORDER

### I. **In Forma Pauperis**

Plaintiff commenced this action on December 12, 2024, with the filing of a complaint, and, in lieu of paying this Court's filing fee, an application for leave to proceed in forma pauperis ("IFP"). On December 16, 2024, plaintiff filed a pro se motion for permission to file electronically. *See* Dkt. No. 5. On January 6, 2024, plaintiff filed what he titled a Motion to Amend the Complaint. *See* Dkt. No. 6. The undersigned

concludes that plaintiff financially qualifies to proceed IFP.[1] Thus, plaintiff's complaint must be assessed pursuant to 28 U.S.C. §§ 1915, 1915A.[2]

## II. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). At the pleading stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678). However, the Court need not accept as true "legal conclusions." *Iqbal*, 556 U.S. at 678. A pro se complaint is entitled to special solicitude and must be liberally construed, meaning that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Ceara v. Deacon*, 916 F.3d 208, 213 (2d Cir. 2019) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

Nevertheless, even where a plaintiff has paid the filing fee, a district court may dismiss the complaint sua sponte if it determines that it lacks subject matter jurisdiction or that the complaint is frivolous. *See* FED. R. CIV. P. 12(h)(3); *Fitzgerald v. First E. Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam); *see Tyler v. Carter*, 151 F.R.D. 537 (S.D.N.Y. 1993), *aff'd*, 41 F.3d 1500 (2d Cir. 1994) ("The

---

[1] Plaintiff is advised that, despite being granted IFP status for this action, he is still required to pay any costs or fees he may incur in connection with this action.

[2] Despite the statutory language referring to incarcerated individuals, these requirements apply equally to non-prisoner pro se litigants seeking to proceed in forma pauperis. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. §1915(e)(2) and 28 U.S.C. §1915A when an application to proceed in forma pauperis is filed.").

question is whether such claims asserted by a fee-paying plaintiff are subject to sua sponte dismissal by a district court under Rule 12(b)(6). I hold that they are. A plaintiff asserting fantastic or delusional claims should not, by payment of a filing fee, obtain a license to consume limited judicial resources and put defendants to effort and expense. The policies arguing against sua sponte Rule 12(b)(6) dismissals do not apply in these circumstances."). "An action is 'frivolous' when either: (1) 'the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy'; or (2) 'the claim is based on an indisputably meritless legal theory.'" *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (additional internal quotation marks and citations omitted). Further, a complaint that is "so confused, ambiguous, vague[,] or otherwise unintelligible that its true substance, if any, is well disguised," fails to comply with Rule 8 [of the Federal Rules of Civil Procedure]." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988); *see Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995).

The Court is required to construe pro se pleadings liberally and interpret them to raise the "strongest [claims] that they suggest." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). At the same time, our cases have also indicated that we cannot read into pro se submissions claims that are not "consistent" with the pro se litigant's allegations, or arguments that the submissions themselves do not "suggest," that we should not "excuse frivolous or vexatious filings by pro se litigants," and that pro se status "does not exempt a party from compliance with relevant rules of procedural and substantive law[.]" *Triestman*, 470 F.3d at 477 (internal citations, quotation marks,

and footnote omitted); *see also Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191-92 (2d Cir. 2008). "The [Second Circuit]'s 'special solicitude' for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure." *Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994).

### III. Discussion

#### A. Amended Complaint

Plaintiff filed what he styled as a motion to amend the complaint on January 6, 2025. *See* Dkt. No. 6. However, review of the filing reveals that it is an amended complaint rather than a motion to amend. Further, as the original complaint had not yet undergone review and no service/summonses issued, plaintiff does not need permission to amend. *See* FED. R. CIV. P. 15(a); *see also Kelly v. Colonie Police Dep't*, 8:20-CV-0721 (GTS/CFH), 2020 WL 6445901, at *1, n.1 (N.D.N.Y. Nov. 2, 2020).[3] An amended complaint supersedes and replaces the original complaint in its entirety, rendering it "of no legal effect," document number 6, the amended complaint, serves as the operative pleading. *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir.1977), *cert. denied sub nom., Vesco & Co., Inc. v. Int'l Controls Corp.*, 434 U.S. 1014 (1978); *see also Shields v. Citytrust Bancorp, Inc.,* 25 F.3d 1124, 1128 (2d Cir. 1994). With the amended complaint, plaintiff did not, however, refile the exhibits. *See* Dkt. No. 6. Similarly, plaintiff's amended complaint has no caption and does not restate the names of all of the defendants against whom he seeks to proceed. *See id.* Out of special solicitude to the pro se plaintiff, the undersigned will consider the list of defendants and exhibits included with the original complaint as part of my review of the amended

---

[3] Unless otherwise noted, the Court has provided plaintiff copies of the unpublished cases cited herein.

complaint. The undersigned will not incorporate by reference any other portion of the original complaint. *See, e.g.*, *Granger v. City of Watertown*, No. 8:20-CV-189 (MAD/CFH), 2020 WL 8771258, at *3 (N.D.N.Y. Dec. 17, 2020), *report and recommendation adopted*, No. 8:20-CV-189 (MAD/CFH), 2021 WL 485732 (N.D.N.Y. Feb. 10, 2021) ("To attempt to review with the incorporated portions of the original complaint together with the disjointed amended complaint would place too great a burden on the Court, and, if the matter proceeds past initial review, the defendants.").

Plaintiff contends that he brings this action pursuant to 42 U.S.C. § 1983 for violations of his due process rights, denial of equal protection, "interference with Parental Rights," "Bias and Misconduct by CPS, Family Courts, and Law Enforcement," "violation of First Amendment Rights," "Unlawful Seizure of Plaintiff's Children," "Denial of Access to Justice," "Conspiracy to Deprive Civil Rights," and "Denial of Rights Under Color of Law." Dkt. No. 6 at 1.[4] Plaintiff seeks to sue Adiva Peters, the mother of his children; Honorable Elizabeth Walsh, Judge; Joseph Martin, Police Officer; Katherine Hicks Demps, Circuit Court Judge, Family; Robert Fitzpatrick, Police Officer; Douglas J. Broad, Attorney at Law; and a Doe "CPS Worker." Dkt. No. 1.

Plaintiff contends that on September 18, 2023, January 4, 2024, and on seven occasions between October 2023 and March 2024, plaintiff submitted various motions for a temporary order of protection, sole legal and physical custody, "writ of habeas

---

[4] On the civil cover sheet filed with the original complaint, plaintiff checked all the boxes for basis of jurisdiction (U.S. Government Plaintiff, U.S. Government Defendant, Federal Question, and Diversity). Dkt. No. 1-14. He checked boxes indicating that he is both a citizen of New York and another state and that defendant is a citizen of another state. *See id.* He also checked a box indicating that the case involves "other civil rights," "other statutory actions," and "constitutionality of state statutes." *Id.* In response to the form's request that he indicate the U.S. Civil Statute under which he is filing, plaintiff wrote, "Due Process Clause violations, Civil Rights Act, other statutes, [illegible]." *Id.* Under a "brief description of cause," plaintiff wrote, "parental rights violation and Corrupt Organizations Act" and indicated that he seeks $2-$7 million." *Id.* Although he references "Corrupt Organizations Act" in his civil cover sheet, plaintiff does not set forth any RICO claims in his amended complaint. *See id.*; Dkt. No. 6.

5

corpus," and "contempt motions" on which he was "deni[ed] of opportunity to present evidence." Dkt. No. 6 at 1.  Plaintiff states that his motions "were ignored or dismissed without hearings or proper consideration, depriving Plaintiff of procedural fairness and the ability to present evidence, such as: Evidence of Adiva Peters's mental health issues (Exhibit A), Documentation of non-compliance with visitation and custody orders (Exhibit B), Photographs and medical records of children's injuries during her custody (Exhibit C)."  *Id.*  Plaintiff states that he was granted emergency custody on an unspecified date, but that custody "was amended without notice or participation, returning custody to Adiva Peters despite no legal justification (Exhibit C)."  *Id.*   Next, plaintiff argues that he was 'deni[ed] access to justice [b]y ignoring motions, denying hearings, and failing to address legitimate concerns."  *Id.*  at 2-3.  He contends that he was "treated differently compared to others in similar situations in violation of his equal protection rights because he "was denied the right to self-represent after filing a complaint against court-appointed counsel."  *Id.*  Plaintiff further contends that there was judicial bias against him because "[c]ourts dismissed Plaintiff's concerns about the children's welfare but acted promptly on minor complaints by Adiva Peters."  *Id.*  He similarly alleges that "CPS and law enforcement displayed gender bias by favoring the mother despite her documented mental health issues and evidence of neglect."  *Id.*  Plaintiff further provides that CPS "failed to investigate Plaintiff's abuse and neglect reports despite evidence."  *Id.* at 2.

 Plaintiff asserts that "[d]efendants unlawfully interfered with Plaintiff's fundamental right to parent by: Ignoring custody violations.  Returning custody to an unfit parent without due process.  Failing to enforce protective orders."  Dkt. No. 6 at 2.

Plaintiff accuses "CPS, Family Courts and Law Enforcement" of "bias and misconduct," asserting that "[j]udges engaged in ex parte communications that adversely affected Plaintiff." *Id.* He further accuses defendants of "engag[ing] in coordinated actions" in conspiracy to deprive him of his civil rights, "including: Ex parte communications between Kentucky and New York judges. CPS and law enforcement's failure to act on Plaintiff's reports while retaliating against him. Judicial amendments to custody orders based on fabricated or incomplete information." *Id.* at 2-3. Plaintiff also asserts that "[l]aw enforcement fabricated reports and dismissed valid welfare concerns, demonstrating systemic misconduct." *Id.* at 2. Next, plaintiff alleges that defendants "retaliated against Plaintiff for filing complaints and seeking redress, suppressing his freedom of speech and advocacy for his children." *Id.* He states that defendants amended custody orders "without notice or Plaintiff's participation" which he contends "constitutes an unlawful seizure of Plaintiff's children in violation of the Fourth and Fourteenth Amendments." *Id.*

Within his request for relief, plaintiff seeks the Court to order "an investigation into the handling of Plaintiff's family court case and law enforcement interactions," "compensatory damages for emotional distress and harm caused by Defendants' actions," punitive damages "[a]gainst officials for egregious or malicious conduct," and injunctive relief in the form of unspecified "orders to prevent future violations (e.g., policy changes, protection from further interference)." *Id.* at 3. Within his request for relief he seeks a "Temporary Restraining Order prohibiting defendants from interfering with Plaintiff's custodial rights or taking actions that may jeopardize the well-being of the

7

children." *Id.* at 10.  He further seeks "emergency temporary custody of Plaintiff's children to Plaintiff during the pendency of this case[.]"  *Id.*

Within his amended complaint, plaintiff includes what he refers to as a "Motion for Emergency Temporary Custody Pursuant to Rule 65 of the Federal Rules of Civil Procedure" wherein he requests – in addition to making this request for relief in the "relief" section of his amended complaint – that this Court order him to be awarded custody of his children during the pendency of this case.  Dkt. No. 6 at 11-12.

### B.  Analysis

#### 1.  Venue

Plaintiff provides that he is a resident of North Dakota.  *See* Dkt. Nos. 1, 6.  Of the defendants listed, only Hon. Elizabeth Walsh and Attorney Douglas J. Broda are residents of New York.  *See* Dkt. No. 1.  Plaintiff states that the remaining defendants reside in Kentucky.  *See id.* at 2.

Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides,

> [a] civil action may be brought in—
> (1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

Although a plaintiff's choice of forum is generally granted "considerable weight,"

> [w]hen a case is filed in a district in which venue is improper, the court "shall dismiss" the case or, "if it be in the interest of justice, transfer such

case to any district . . . in which it could have been brought." 28 U.S.C. § 1406(a) (emphasis added). Even if venue is proper, a district court may sua sponte transfer an action in the interest of justice and for the convenience of the parties and witnesses to any other district where it might have been brought. 28 U.S.C. § 1404(a); *Ferens v. John Deere Co.*, 494 U.S. 516, 530 (1990); *Lead Indus. Ass'n, Inc. v. Occupational Safety & Health Admin.*, 610 F.2d 70, 79 n.17 (2d Cir. 1979) (citing cases); *Kelly v. Kelly*, 911 F.Supp. 70, 71 (N.D.N.Y. 1996).

*Hines v. Dell*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 3100260, at *2 (N.D.N.Y. June 11, 2020), *report and recommendation adopted*, No. 5:20-CV-638 (TJM/ATB), 2020 WL 4500677 (N.D.N.Y. Aug. 5, 2020).

Here, all defendants do not reside in this venue, 28 U.S.C. § 1391(b)(1), and this is not a situation where "there is no district in which an action may otherwise be brought," *id.* § 1391(b)(3). As plaintiff's amended complaint is factually sparse, it is not entirely clear whether this is "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." *Id.* § 1391(b)(2). On balance, however, it appears at least some of the custody matters and orders of protection were entered within a court in this state and District. *See* Dkt. No. 1-2. Accordingly, based on the information presently before the Court and at this early stage, it appears possible that venue may be proper under section 1391(b)(2); thus, the undersigned declines to recommend transfer.

### 2. **Domestic Relations Abstention Doctrine**

"Under the domestic relations exception . . . cases involving divorce, alimony, and child custody remain outside federal court jurisdiction." *Bowman v. Morris*, No. 8:19-CV-97 (BKS/DJS), 2019 WL 5150196, at *5 (N.D.N.Y. Apr. 10, 2019), *report and recommendation adopted,* No. 8:19-CV-97 (BKS/DJS), 2019 WL 3759174 (N.D.N.Y.

9

Aug. 9, 2019) (citing *Marshall v. Marshall*, 547 U.S. 293, 308 (2006)).  "When a case calls for a federal court to interpret state domestic relations law or 'immerse itself in domestic relations matters,' the court must abstain from proceeding with the case due to the state courts' 'greater interest and expertise' in that field."  *Evans v. Adams*, 714 F. Supp. 3d 119, 124 (E.D.N.Y. 2024) (quoting *American Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)).

"Courts in this circuit routinely dismiss actions for lack of subject matter jurisdiction, due to the domestic relations abstention doctrine, where the plaintiff is seeking review of child [custody] proceedings."  *Gerken v. Gordon*, No. 1:24-CV-00435 (MAD/CFH), 2024 WL 4608307, at *6 (N.D.N.Y. Oct. 29, 2024), *report and recommendation adopted,* No. 1:24-CV-435 (MAD/CFH), 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024) (citing *Neustein v. Orbach*, 732 F. Supp. 333, 339-40 (E.D.N.Y. 1990) (holding that the Court lacked jurisdiction over factual disputes connected to domestic relations issues)); *Pynn v. Pynn*, No. 24-CV-508 (LJV), 2024 WL 3647783, at *8 (W.D.N.Y. Aug. 5, 2024) (collecting cases and noting that "[c]ourts in this circuit have found abstention appropriate when the plaintiff asked a federal court to review and overturn state court rulings related to child custody[,] divorce[,] and child support[.]"). "While the domestic relations exception is narrow, it applies generally to issues relating to the custody of minors, and may also apply to civil rights actions directed at challenging the results of domestic relations proceedings." *Licata v. Kaplan*, No. 16-CV-2928 (JMA/GRB), 2017 WL 6379606, at *11, n.7 (E.D.N.Y. Dec. 12, 2017) (quoting *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (internal quotations omitted); *see also Guichiardo v. Barrazza*, No. 16-CV-1222, 2016 WL 3541547, at *3 (E.D.N.Y.

Jun. 23, 2016) (applying the domestic relations exception where the plaintiff "style[d] some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . .").

Although plaintiff grounds his amended complaint in constitutional claims, it is clear from the face of the amended complaint that he seeks to challenge decisions made in Family Court proceedings and related child custody matters. He seeks this Court to intervene in state custody proceedings by directing the family courts to award plaintiff temporary custody and issue orders "to prevent future violations." Dkt. No. 6 at 3. Review of this action would require this Court "to interpret state domestic relations law or 'immerse itself in domestic relations matters'"; thus, "the court must abstain from proceeding with the case due to the state courts' 'greater interest and expertise' in that field." *Evans*, 714 F. Supp. 3d at 124. Accordingly, as this Court lacks subject matter jurisdiction to review these claims, it is recommended that the action be dismissed in its entirety.[5]

---

[5] "[T]here is no requirement that a court address every single potential ground for dismissal where it is clear that a claim should be dismissed," *Gerken*, 2024 WL 4608307, at *5; however, the undersigned does note that if the underlying family court proceedings are ongoing, this Court is likely barred from reviewing the family court orders/proceedings under the *Younger* abstention doctrine. *See Diamond "D" Constr. Corp. v. McGowan*, 282 F.3d 191, 198 (2d Cir. 2002). If the Family Court proceedings are complete, this Court is likely barred from reviewing the Family Court orders/proceedings under the *Rooker-Feldman* doctrine. *See Dorce v. City of New York*, 2 F.4th 82, 101 (2d Cir. 2021) ("The *Rooker-Feldman* doctrine bars federal district courts from hearing cases that in effect are appeals from state court judgments, because the Supreme Court is the only federal court with jurisdiction over such cases.") (citing *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)). Further, plaintiff's claims against Elizabeth Walsh and Katherine Hicks Demps are barred by judicial immunity. "With minor exceptions, judges are entitled to absolute immunity for actions relating to the exercise of their judicial functions." *Zavalidroga v. Girouard*, No. 6:17-CV-682 (BKS/ATB), 2017 WL 8777370, at *8 (N.D.N.Y. July 7, 2017) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam)). "Judicial immunity applies even when the judge is accused of acting maliciously or corruptly." *Id.* (citation omitted). Claims against Adiva Peters are also subject to dismissal as plaintiff has not shown, beyond vague, conclusory allegations, that Ms. Peters, a private actor, was 'a willful participant in joint activity with the State or its agents.'" *Young v. Suffolk Cnty.*, 705 F. Supp. 2d 183, 195 (E.D.N.Y. 2010) (quoting *Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 324 (2d Cir. 2002) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)). Next, plaintiff's amended complaint fails to demonstrate each defendants' personal involvement in the alleged constitutional violations as plaintiff largely refers

Generally, "[a] pro se complaint should not be dismissed without the Court granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gerken*, 2024 WL 4608307, at *15 (quoting *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citation and internal quotation marks omitted)). "However, if the problems with a complaint are 'substantive' rather than the result of an 'inadequately or inartfully pleaded' complaint, an opportunity to re-plead would be 'futile' and 'should be denied.'" *Id.* (citing *Edwards v. Penix*, 388 F. Supp. 3d 135, 144-45 (N.D.N.Y. 2019) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, a second amended complaint would not cure the defects the undersigned has identified. Accordingly, it is recommended that plaintiff not be provided leave to further amend.

### IV. Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**ORDERED**, that plaintiff's IFP application, Dkt. No. 2, is **GRANTED**; and it is

**RECOMMENDED**, that plaintiff's Amended Complaint, Dkt. No. 6, including his request for a temporary restraining order, be **DISMISSED in its entirety without**

---

collectively to "defendants" rather than specify each defendants' participation. *See Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)). Plaintiff does not at all explain how Attorney Broda, the attorney for the children, *see* dkt. no. 1-4 at 15, is involved in his underlying constitutional violations allegations; however, the undersigned notes that attorney malpractice fails to amount to a constitutional claim. *See Caldwell v. Petros*, No. 1:22-CV-0567 (BKS/CFH), 2022 WL 15697608, at *3 (N.D.N.Y. Oct. 28, 2022*), report and recommendation adopted*, No. 1:22-CV-567 (BKS/CFH), 2022 WL 16918287 (N.D.N.Y. Nov. 14, 2022) ("[p]rivate attorneys, whether court appointed or privately retained, are not liable under 42 U.S.C. [§] 1983.") (citation omitted). To the extent he may seek to proceed against Broda for malpractice under New York State law, should all the federal claims be dismissed, the undersigned would recommend declining supplemental jurisdiction. *See* 28 U.S.C. § 1367(c)(3) (2006).

**prejudice for lack of subject matter jurisdiction and without leave to amend**, and it is further

**RECOMMENDED**, that, insofar as plaintiff seeks to move to amend his complaint, Dkt. No. 6., such motion is **DENIED** as unnecessary, FED. R. CIV. P. 15(a); and it is further

**RECOMMENDED**, that plaintiff's pro se motion for permission to file electronically, Dkt. No. 5, be **DISMISSED as moot**; and it is

**ORDERED**, that the Clerk serve this Report-Recommendation & Order on plaintiff in accordance with Local Rules.

**IT IS SO ORDERED**.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 72.[6]

Dated: May 22, 2025
Albany, New York

_____
Paul J. Evangelista
U.S. Magistrate Judge

---

[6] If you are proceeding pro se and are served with this Report-Recommendation and Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Report-Recommendation and Order was mailed to you to serve and file objections. *See* FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. *See id.* § 6(a)(1)(c).