UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN SWINEA,

                                              **Plaintiff,**

  vs.                                                                      1:24-CV-1517
                                                                                        (MAD/PJE)

ADIVA PETERS, *et al.*,

                                              **Defendants.**
_____

**APPEARANCES:**                                    **OF COUNSEL:**

**JUSTIN SWINEA**
Minot, North Dakota
Plaintiff *Pro Se*

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. BACKGROUND

      On December 12, 2024, Plaintiff Justin Swinea commenced this action, *pro se*, against the following Defendants: the mother of Plaintiff's children, Adiva Peters, Rensselaer County Family Court Judge Elizabeth Walsh, Police Officer Joseph Martin, Circuit Family Court Judge Katherine Hicks Demps, Police Officer Robert Fitzpatrick, Attorney at Law Douglas J. Broda, and a "CPS Worker." Dkt. No. 1 at 1-2, 5. Plaintiff alleges, pursuant to 42 U.S.C. § 1983, denial of due process, denial of equal protection, interference with his parental rights, bias and misconduct by Child Protective Services ("CPS"), family courts, and law enforcement, violations of his First Amendment rights, unlawful seizure of Plaintiff's children, denial of access to justice, and conspiracy to deprive him of his civil rights. Dkt. No. 6 at 1-2. Plaintiff filed an application

for leave to proceed *in forma pauperis* ("IFP") in lieu of paying the Court's filing fee. *See* Dkt. No. 2. Plaintiff also filed a *pro se* motion for permission to file electronically. *See* Dkt. No. 5.

On January 6, 2025, Plaintiff filed an Amended Complaint which he labeled as a motion to amend the complaint. *See* Dkt. No. 6. Plaintiff did not need permission to amend, and thus, the Amended Complaint supersedes the original complaint. FED. R. CIV. P. 15(a). In the Amended Complaint, however, Plaintiff did not refile the exhibits he provided with his original complaint, restate the names of Defendants, or include a caption. *See* Dkt. No. 6. Affording special solicitude to the *pro se* Plaintiff, as the Court must, Magistrate Judge Paul J. Evangelista considered the list of Defendants and exhibits included with the original complaint as part of the Amended Complaint. *See* Dkt. No. 10 at 4-5; *see also Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 489 (2d Cir. 2018) (citing *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011)).

On May 22, 2025, Magistrate Judge Evangelista issued a Report-Recommendation and Order granting Plaintiff's IFP motion. *See* Dkt. No. 10 at 2. Magistrate Judge Evangelista also recommended dismissing Plaintiff's Amended Complaint without prejudice and without leave to amend. *See id.* at 12-13. Finally, Magistrate Judge Evangelista recommended denying Plaintiff's motion to amend his complaint as unnecessary and dismissing the *pro se* motion to file electronically as moot. *See id.*

When a party files specific objections to a magistrate judge's recommendations, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). To be specific, the objection must "'identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection.'" *Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 683 (N.D.N.Y. 2015) (quoting N.D.N.Y. L.R. 72.1(c)) (footnote omitted).

However, when a party declines to file objections or files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews the recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). No objections to Magistrate Judge Evangelista's Report-Recommendation and Order have been filed; therefore, it will be reviewed for clear error.

The Report-Recommendation and Order, which was mailed to Plaintiff on May 22, 2025, was returned to the Court as undeliverable on June 9, 2025. *See* Dkt. Nos. 10, 11. Under Local Rule 10.1(c)(2), "[a]ll . . . *pro se* litigants must immediately notify the Court of any change of address." N.D.N.Y. L.R. 10.1(c)(2). This is emphasized in the *Pro Se* Handbook, which states as follows: "If at any time your own address changes you must immediately notify the Court in writing." N.D.N.Y. *Pro Se* Handbook at 16. If a *pro se* litigant fails to notify the Court of a change of address, the Court may dismiss any pending action. *See* N.D.N.Y. L.R. 41.2(b). The *Pro Se* Handbook, Notice, and Local Rules were mailed via regular mail to Plaintiff on December 13, 2024. *See* Dkt. No. 3. The *pro se* notice was signed and returned by Plaintiff via regular mail, acknowledging receipt of the Court's rules and his obligations on January 6, 2025. *See* Dkt. No. 8.

Plaintiff has never seen the Report-Recommendation and Order because it was returned as undeliverable on June 9, 2025. *See* Dkt. Nos. 10, 11. Plaintiff had fourteen days in which to file written objections to the Report-Recommendation and Order, which lapsed on June 5, 2025. *See id.* However, given Plaintiff's *pro se* status, the Court waited an additional week before reviewing

3

the Report-Recommendation and Order for Plaintiff to update his address and file objections. Plaintiff has not filed anything with the Court since January 6, 2025. *See* Dkt. Nos. 6, 7, 8.

"It is incumbent upon litigants to inform the clerk of address changes, for it is manifest that communications between the clerk and the parties or their counsel will be conducted principally by mail." *Hurd v. Porter*, No. 9:11-CV-1388, 2014 WL 467894, *4 (N.D.N.Y. Feb. 6, 2014) (quoting *Dansby v. Albany Cnty. Corr. Facility*, No. 95-CV-1525, 1996 WL 172699, *1 (N.D.N.Y. Apr. 10, 1996)). "'However, 'regardless of whether Plaintiff actually received notice that delay could result in dismissal, it remained his duty to diligently pursue his case and to inform this Court[ ] . . . of any change of address.'" *Moloney v. West*, No. 1:24-CV-685, 2025 WL 828206, *2 (N.D.N.Y. Mar. 17, 2025) (quoting *Thornton v. Moroney*, No. 13-CV-8912, 2014 WL 2805236, *2 (S.D.N.Y. June 20, 2014)). "It is not the function of this Court to chase dilatory plaintiffs while other litigants in this district seek access to the courts." *Id.* (quotations and quotation marks omitted). A plaintiff's "*pro se* status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). Therefore, the Court will review the Report-Recommendation and Order for only clear error.

As explained in greater detail in the Report-Recommendation and Order, Plaintiff alleges that on September 18, 2023, January 4, 2024, and seven occasions between October 2023 and March 2024, motions for temporary orders of protection, sole legal and physical custody, "writ of habeas corpus," and "contempt" were submitted by Plaintiff and denied by Defendant Walsh. *See* Dkt. No. 10 at 5-6; *see also* Dkt. No. 6 at 1. Plaintiff alleges his motions were denied without the opportunity to present evidence through a hearing nor were they properly considered. *See* Dkt. No. 6 at 1. Plaintiff contends this denied him procedural fairness. *See id.* Plaintiff contends

Defendant Peters suffers from mental health issues and endangered his children, making her an unfit parent. *See id.* at 1-2. Plaintiff states that he was granted emergency custody, but it was amended without notice and custody was returned to Defendant Peters without legal justification. *See id.* at 1. Plaintiff avers he was deprived of his constitutional rights when "he was denied the right to self-represent after filing a complaint against court-appointed counsel." *Id.* at 2-3. He alleges judicial bias in the dismissal of his child welfare concerns. *See id.* He also claims that "CPS and law enforcement displayed gender bias by favoring the mother despite her documented mental health issues and evidence of neglect." *Id.*

Plaintiff asserts "Defendants unlawfully interfered with [his] fundamental right to parent [] by[ i]gnoring custody violations[, r]eturning custody to an unfit parent[, and] failing to enforce [a] protective order." *Id.* at 2. He alleges these acts of "retaliation" and mistreatment suppressed his freedom of speech and violated his constitutional rights. *Id.*

Plaintiff requests relief as follows: "an investigation into the handling of Plaintiff's family court case and law enforcement interactions," "compensatory damages for emotional distress and harm caused by Defendants' actions," "punitive damages [and injunctive relief] to deter future violations," and "nominal damages." *Id.* at 3. He also seeks emergency temporary custody of his children and a temporary restraining order prohibiting interference with his parental rights pursuant to Rule 65 of the Federal Rules of Civil Procedure. *See* Dkt. No. 6 at 1.

## II. DISCUSSION

### A.  Venue

Plaintiff states he is a resident of North Dakota; therefore, Magistrate Judge Evangelista first addressed whether venue is appropriate in this Court. *See* Dkt. No. 10 at 8-9. Venue in civil actions in federal court is governed by 28 U.S.C. § 1391(b), which provides as follow:

>A civil action may be brought in—
>
>>(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located;
>>
>>(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>>
>>(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). "The statutory standard for venue focuses . . . on the location where the events occurred . . . [and the court] must determine only whether a substantial part of the events giving rise to the claim occurred in [the district]." *Bates v. C & S Adjusters, Inc.*, 980 F.2d 865, 868 (2d Cir. 1992) (quotations omitted). The "substantial" requirement allows selection of the appropriate district by balancing "the availability of witnesses, the accessibility of other relevant evidence, and the convenience of the defendant" to avoid "an unfair or inconvenient place for trial." *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 1992) (citing *Leroy v. Great W. United Corp.*, 443 U.S. 173, 184 (1979)). "'Substantiality' for venue purposes is more a qualitative than quantitative inquiry, determined by assessing the overall nature of the plaintiff's claims and the nature of the specific events or omissions in the forum, and not by simply adding up the number of contacts." *Id.* at 432-33 (citations omitted).

Of the six named Defendants, only two are residents of New York—Honorable Elizabeth Walsh and Attorney Douglas J. Broda—while the remaining reside in Kentucky. *See* Dkt. No. 6 at 5. However, Magistrate Judge Evangelista found that, on balance, "at least some of the custody matters and orders of protection were entered within a court in the state and District." Dkt. No. 10

at 9; s*ee also* Dkt. No. 1-2.  If there are material acts within the forum state and they "bear a close nexus to the claims[,]" then they are deemed substantial enough to establish proper venue. *Daniel*, 428 F.3d at 433.  Here, certain custody matters were held and orders of protection entered in family court in the State of New York in Rensselaer County, which "bear[s] a close nexus to the claims." *Id.*; *see also* Dkt. No. at 1-2.  As Magistrate Judge Evangelista concluded, venue is appropriate under 28 U.S.C. § 1391(b)(2) because "a substantial part of the events or omissions giving rise to the claim occurred" in this District.  28 U.S.C. § 1391(b)(2); *see* Dkt. No. 10 at 8-9.

**B.     Domestic Relations Abstention Doctrine**

"If the [C]ourt determines at any time that it lacks subject-matter jurisdiction, the [C]ourt must dismiss the action."  FED. R. CIV. P. 12(h)(3).  Under the domestic relations abstention doctrine, "[f]ederal courts [must] abstain from exercising their federal-question jurisdiction over claims involving domestic-relations issues" unless the plaintiff can show there is "an obstacle that prevents him from receiving a full and fair determination of those issues in the state courts." *Ganiyu v. Lopez*, No. 1:19-CV-11605, 2020 WL 1467356, *3 (S.D.N.Y. Mar. 25, 2020) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)); *see also United States v. Windsor*, 570 U.S. 744, 766 (2013) ("'[R]egulation of domestic relations' is 'an area that has long been regarded as a virtually exclusive province of the States'") (citing *Sosna v. Iowa*, 419 U.S. 393, 404 (1975)).[1]

The domestic relations abstention doctrine encompasses "cases involving the issuance of a

---

[1] The Second Circuit has noted in recent cases that there is a difference between the "domestic relations exception" and the "domestic relations abstention doctrine."  The "domestic relations exception" applies to diversity jurisdiction cases, s*ee Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992), while the "domestic relations abstention doctrine" applies to federal-question jurisdiction cases, *see Mochary v. Bergstein*, 42 F.4th 80, 89 (2d Cir. 2022) (citing *Am. Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990)).

divorce, alimony, or child custody decree." *Ankenbrandt v. Richards*, 504 U.S. 689, 704 (1992); *see also Cashman v. Rosenberger*, No. 1:05-CV-0640, 2005 WL 1331127, *2 (N.D.N.Y. June 1, 2005) (noting that, for over a century, the Supreme Court has held that "'the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States'") (quoting *Ex parte Burrus*, 136 U.S. 586, 594 (1890)). The domestic relations abstention doctrine can apply even where the plaintiff "style[d] some of [the] claims as raising constitutional issues, but the allegations stem from a state domestic relations matter . . . ." *Guichardo v. Barraza*, No. 16-CV-1222, 2016 WL 3541547, *3 (E.D.N.Y. June 23, 2016) (citations omitted).

Here, Plaintiff seeks to bring this action under federal question jurisdiction because he alleges constitutional violations pursuant to 42 U.S.C. § 1983; however, the content he seeks to challenge concerns decisions made in family court and related child custody matters. *See* Dkt. No. 6. Magistrate Judge Evangelista concluded that Plaintiff's complaint asks the Court to interpret state domestic relations law, which is exclusively regulated by the states. *See* Dkt. No. 10 at 11. *See Windsor*, 570 U.S. at 766 (citing *Sosna*, 419 U.S. at 404). Magistrate Judge Evangelista is correct. Plaintiff asks for an investigation into the handling of a family court case and related law enforcement interactions. *See* Dkt. No. 6 at 3. These issues and Plaintiff's requested remedies are of the subject of domestic relations, as they refer to custody and family court proceedings. As such, Magistrate Judge Evangelista is correct in concluding that this Court lacks subject matter jurisdiction over the purported claims, and the action should be dismissed.

Finally, it is discouraged for a district court to "'dismiss a *pro se* complaint without granting the plaintiff leave to amend, [unless it] would be futile.'" *Johnson v. Oneida Nation Enters., LLC*, No. 5:19-CV-853, 2019 WL 5091952, *2 (N.D.N.Y. Oct. 11, 2019) (quoting *Tylicki*

*v. Schwartz*, 401 Fed. Appx. 603, 604 (2d Cir. 2010)) (additional citation omitted). Here, amendment would be futile because Plaintiff has not alleged any claims that would confer subject matter jurisdiction because the subject of his complaint relates to domestic relations matters—claims over which the Court must abstain. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (holding that if the problems with the causes of action are substantive, better pleading would not cure it); *see also Hernandez v. Conriv Realty Assocs.*, 182 F.3d 121, 123 (2d Cir. 1999) ("[W]here a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice"). Accordingly, Magistrate Judge Evangelista's recommendation to deny leave to amend is appropriate.

### III. CONCLUSION

After carefully reviewing Plaintiff's submissions, Magistrate Judge Evangelista's Report-Recommendation and Order, and the applicable law, the Court hereby

**ORDERS** Magistrate Judge Evangelista's Report-Recommendation and Order (Dkt. No. 10) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** Plaintiff's Amended Complaint (Dkt. No. 6) is **DISMISSED without prejudice and without leave to amend**; and the Court further

**ORDERS** Plaintiff's motion for permission to file electronically (Dkt. No. 5) is **DENIED as moot**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 2, 2025
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge